COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Powell and Senior Judge Clements

ABDERRAHIM NAAMAN

                                                MEMORANDUM OPINION[*]
v.        Record No. 1027-10-4                   PER CURIAM
                                                APRIL 5, 2011
SAHAR LARRAZABAL

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

(Abderrahim Naaman, *pro se*, on brief).  Appellant submitting on brief.

No brief for appellee.


Abderrahim Naaman (father) appeals a child support order.  Appellant argues that the trial court erred by (1) not retroactively modifying the child support to February 2009, when he attempted to file his motion, and (2) not hearing testimony regarding Sahar Larrazabal's (mother) false testimony regarding the previous child support calculation made on August 4, 2006.  Upon reviewing the record and father's brief, we affirm the decision of the trial court.

BACKGROUND

On August 4, 2006, the trial court entered a custody, visitation, and child support order.  Father appealed the order to this Court, which summarily affirmed the trial court.  See Naaman v. Larrazabal, Record No. 2240-06-4 (Va. Ct. App. May 8, 2007).

On March 12, 2009, father filed a motion to modify child support.  Mother was served with the motion on April 20, 2009.  The trial court heard evidence and argument on October 19, 2009.  The trial court modified the child support as of September 1, 2009 and determined the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

amount of arrears. Father objected to the effective date of the modified child support. The trial court entered a final order on April 16, 2010, and this appeal followed.

ANALYSIS

Appellant argues that the trial court should have used an earlier commencement date for the modified child support and should have heard evidence regarding mother's testimony at the 2006 hearing.

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is indispensable to determining whether the trial court erred in making the child support award. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). The record contains no transcripts of the 2009 or 2010 court proceedings in this case. Father included in the appendix a copy of the written statement of facts that he submitted to the trial court, but it was not signed by the trial judge in compliance with Rule 5A:8(c). The circuit court record includes a written statement of facts that is modified and signed by the trial judge. The trial court modified father's statement of facts by deleting a paragraph, but the signed statement of facts was not included in the appendix.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Father had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Father failed to provide us with an adequate appendix to enable us to address his assignments of error. Because the appendix filed in this case does not contain a part of the record that is essential to the resolution of the issues before us, we affirm the judgment of the trial court.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.