COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


ANDREW BILSKI

                                                    MEMORANDUM OPINION*
v.      Record No. 0059-12-4                             PER CURIAM
                                                         JUNE 12, 2012
CHRISTINA BILSKI


                   FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Leslie M. Alden, Judge

            (Andrew Bilski, *pro se*, on brief).

            (Leslie A. Shopf, on brief), for appellee.

            (Matthew W. Greene; Greene Law Group, PLLC, on brief),
            Guardian *ad litem* for minor child.


        Andrew Bilski (father) appeals from the trial court's order denying his motion to compel

Christina Bilski (mother) to take the child to the doctor and his motion to compel the guardian *ad*

*litem* (GAL) to acknowledge and assist father with the child's doctor visit.  Father argues that the

trial court erred by (1) "not ordering that the child is immediately taken to the child's doctor and by

not waiting to continue legal proceedings until after the child has been seen by his doctor"; (2) "not

letting the child's doctor of ten years determine when and what medical care is in the best interest of

the child"; (3) "denying the motion to compel the GAL to better fulfill his duty of fully protecting

the child's interest and welfare"; (4) "implying that a change of circumstance was a prerequisite to

granting either or both of the motions"; (5) "holding that there was no change of circumstance"; and

(6) "denying the motion to reconsider."  Upon reviewing the record and briefs of the parties, we

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

On December 1, 2011, father filed a motion and asked the trial court to compel mother to take the child to his pediatrician. Father also filed a motion and asked the trial court to compel the GAL to acknowledge and act on father's request that the GAL persuade mother to take the child to the doctor. Father also asked that the trial court compel the GAL to keep the parents "reasonably informed" about requests from either parent regarding the child's health.

On December 9, 2011, the trial court entered an order denying father's motions because there was no change of circumstances. Father filed a motion to reconsider, which the trial court denied. This appeal followed.

## ANALYSIS

Father argues that the trial court erred in denying his motions to compel and his motion to reconsider. He contends the trial court should have ordered mother to take the child to the pediatrician and that he was not seeking a modification of the previous court order, but enforcement of it.

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Here, father failed to include in the appendix the December 5, 2008 custody order. The trial court ruled that father failed to prove a change of circumstances since that custody order. The December 5, 2008 order is necessary for us to review father's assignments of error. Further,

- 2 -

father failed to include in the appendix a transcript or statement of facts from the December 9, 2011 hearing. Without a transcript or statement of facts from the December 9, 2011 hearing, we are not aware of the evidence or arguments presented by the parties.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Father had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even pro se litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Father also failed to comply with Rule 5A:20(d), which states that appellant's opening brief shall include a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix. . . . When the facts are in dispute, the brief shall so state." Father included a "Statement of the Nature of the Case," which resembled a statement of facts; however, he did not include any references to pages of the written statement, record, or appendix to support his statement of facts.

In addition, father failed to comply with Rule 5A:20(e), which mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Although father cited several cases and statutes, they did not support his arguments. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

## CONCLUSION

Because the appendix filed in this case does not contain a part of the record that is essential to the resolution of the issues before us and because father failed to comply with Rule 5A:20, we summarily affirm the judgment of the trial court. Rule 5A:27.

Affirmed.