## Richmond

CARLTON W. VAUGHAN v. KENNETH MARK JOHNSON
AND FRANKLIN DARRELL MILLER.

December 2, 1974.

Record No. 730909.

Present, All the Justices.

*John W. Parsons*, for plaintiff in error.

*Philip M. Sadler; Stuart B. Campbell, Jr. (Gilmer, Sadler, Ingram, Sutherland & Hutton; Campbell & Campbell*, on briefs), for defendants in error.

*Per Curiam.*

This case grows out of an accident involving a motorcycle operated by Carlton W. Vaughan, an automobile operated by Kenneth Mark Johnson and another motorcycle operated by Franklin Darrell Miller. Vaughan brought an action for personal injuries allegedly sustained as a result of the concurring negligence of Johnson and Miller. At the conclusion of Vaughan's case the trial court sustained Johnson's motion to strike the evidence on the ground that it showed no negligence on Johnson's part and that it convicted Vaughan of contributory negligence. The trial court also sustained Miller's motion to strike the evidence on the grounds that his negligence, if any, was not shown to be the proximate cause of the accident, and that the evidence convicted Vaughan of contributory negligence. The trial court rendered summary judgment for Johnson and Miller, and we awarded Vaughan a writ of error.

Johnson and Miller have moved to dismiss the writ of error

upon the ground that Vaughan failed to comply with Rules 5:36 and 5:37 of this Court.

Rule 5:36 encourages parties to agree as to the contents of the appendix. In the absence of agreement, it requires an appellant to designate the parts of the record that he intends to include in the appendix as germane to his assignments of error. In the instant case no transcript, narrative statement of testimony or agreed stipulation of the facts was designated by appellant.

Rule 5:37 requires that the basic initial pleading, the judgment appealed from, any memorandum or opinion of the judge, the assignments of error and cross-error, and any testimony or incidents of trial germane to the errors and cross-errors assigned be included in the appendix. Appellant included only the motion for judgment, the final order of the court and his assignments of error. The record is silent as to the facts, and we are therefore unable to review the evidence and determine if the court erred in its interpretation thereof.

The rulings of the trial court on appellees' several motions to strike, and its action in rendering summary judgment in their behalf, are presumed to be correct. When the evidence is not made a part of the record on appeal, all findings of fact by the trial court are presumed to be correct and must be accepted by us as conclusive. *Hyman* v. *Commonwealth,* 206 Va. 891, 147 S. E. 2d 156 (1966).

The requirements of Rules 5:36 and 5:37 are mandatory and failure to comply therewith is fatal to this appeal.

*Writ dismissed.*