Richmond

# DANIEL L. THRASHER, JR., EXECUTOR OF THE ESTATE OF EMMA P. THRASHER, DECEASED

v.

# D. H. BURLAGE

April 20, 1979

Record No. 771279.

Present: All the Justices.

*Stanley G. Barr, Jr. (Canolas, Mastracco, Martone, Barr & Russell,* on brief), for plaintiff in error.

*C. Clark Laster, III (Edwin C. Kellam; Kellam, Pickrell & Lawler,* on brief), for defendant in error.

PER CURIAM.

We do not reach the errors assigned by appellant, Daniel L. Thrasher, Jr., Executor of the Estate of Emma P. Thrasher, Deceased, because we have concluded that the writ must be dismissed for non-compliance with the Rules of Court.

In his motion to dismiss, appellee D. H. Burlage invokes Rules 5:35, 5:36, 5:37 and 5:48. The provisions of these Rules, applicable whenever an appeal is not to be heard on the original record, Rule 5:41, are plain and uncomplicated. Within 10 days after the date of a certificate awarding an appeal, the appellant must, in the absence of an agreement "as to the contents of the appendix", file "a designation of the parts of the record that he intends to include in the appendix as germane to his assignments of error"; within 10 days after appellant's designation, the appellee must file "a designation of the additional parts of the record that he wishes included as germane to the assignments of error and of any cross-error." Rule 5:36. Whether the appendix is assembled by agreement or designation, it must include, *inter alia,* "any testimony or incidents of trial germane to the errors and cross-errors assigned" and all "[e]xhibits necessary for an understanding of the case that can reasonably be reproduced". Rule 5:37. Twenty copies of the printed appendix are required, seven of which are distributed among the Justices of this Court. Rule 5:35. The appendix and the appellant's opening brief must be filed within 40 days after the date of the certificate of appeal. Rules 5:35 and 5:48.

Here, the certificate was dated December 20, 1977. On December 29, 1977, the ninth day, Thrasher wrote Burlage a letter suggesting "that we meet in an effort to agree on the content of the appendix". Receiving no response, Thrasher telephoned Burlage on January 26, 1978 asking what he wanted included. Burlage replied that he intended to file a motion to dismiss for failure to comply with the Rules. On January 30, 1978, Thrasher filed his designation with the clerk of this Court. On the same day, he filed his opening brief and the printed appendix containing those parts

of the record listed in his designation. On February 6, 1978, Burlage filed a motion to dismiss and, without waiving that motion, a cross-designation of additional parts to be included in the appendix. Thrasher filed a response to the motion on February 22, 1978, asserting that "[i]n light of the prior course of dealings between the parties, an agreement was assumed." In oral argument on the motion, Burlage said that there had never been any agreement "of any kind, real or implied."

In *Vaughan v. Johnson and Miller*, 215 Va. 323, 324, 210 S.E.2d 139, 140 (1974), we held that "[t]he requirements of Rules 5:36 and 5:37 are mandatory", and since the appellant failed to designate the transcript, parts of which were essential to adjudication of the issues posed by the errors assigned, we dismissed the writ.

As we have noted, Rules 5:35 and 5:48 require that the appendix be assembled, printed, and filed within 40 days after the date of the certificate of appeal, subject to the grace period provided by Rule 1:7(a). Notwithstanding the 10-day limitation fixed in Rule 5:36, Thrasher waited until the forty-first day to file his designation. The appendix, manifestly printed earlier, was filed the same day. Thrasher's delay denied Burlage the 10 days Rule 5:36 allows for cross-designation. Consequently, although Burlage filed his designation later, the appendix contains none of the several parts of the record he designated, all of which are germane to the errors Thrasher assigned.

These omissions, stemming directly from Thrasher's violation of Rule 5:36, constitute violations of Rule 5:37. In addition, Thrasher's own designation omits other parts of the record Rule 5:37 requires to be printed in the appendix. Arguing the merits of his appeal, Thrasher's brief refers to six trial exhibits. Two exhibits offered by Thrasher were refused, and the refusal is assigned as error. Obviously, these two are crucially germane to this appeal. None of the six appears in the appendix; all "can reasonably be reproduced" and all are "necessary for an understanding of the case". Moreover, Thrasher failed to designate that portion of the transcript showing the offer and the refusal, one of the "incidents of trial germane to the errors . . . assigned".

The appendix is a tool vital to the function of the appellate process in Virginia. Without it, the seven Justices of this Court would have to pass the original record from one to the other. Much of the contents, though material at trial, may be utterly irrelevant

to the issues posed on appeal. By requiring the publication and distribution of an appendix which excludes all irrelevancies, the Rules of Court expedite the adjudication of the appeal and reduce the costs. By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.

Because Thrasher violated the mandatory requirements of the Rules, the appendix does not contain parts of the record essential to an informed collegiate decision. Hence, Burlage's motion will be granted and the writ will be dismissed.

*Writ dismissed.*