COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements
Argued at Salem, Virginia


RAYNHAM T. HEARD

                                    MEMORANDUM OPINION* BY
v.    Record No. 1120-01-3      JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 26, 2002
JANICE A. HEARD


          FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                Diane McQ. Strickland, Judge

        Raynham T. Heard, pro se.

        No brief or argument for appellee.


    Code § 8.01-335 provides, in pertinent part:

        B.  Any court in which is pending a case
        wherein for more than three years there has
        been no order or proceeding, except to
        continue it, may, in its discretion, order
        it to be struck from its docket and the
        action shall thereby be discontinued.  The
        court may dismiss cases under this
        subsection without any notice to the
        parties.  The clerk shall provide the
        parties with a copy of the final order
        discontinuing or dismissing the case.  Any
        case discontinued or dismissed under the
        provisions of this subsection may be
        reinstated, on motion, after notice to the
        parties in interest, if known, or their
        counsel of record within one year from the
        date of such order but not after.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On September 11, 1997, Raynham T. Heard appealed to the trial court orders entered in the Juvenile and Domestic Relations District Court of Roanoke County, the substance and effect of which he has not specified. The matter continued on the trial court's docket, with no order or proceeding except to continue it, until February 28, 2001, when the trial court entered an order discontinuing it and striking it from its docket pursuant to Code § 8.01-335(B). Heard does not dispute the merits of that action.

Although the statute and the trial court's order required notice of its action to Heard, his first notice of the discontinuance of his appeal was his receipt on April 19, 2001, of a letter dated April 16, 2001, informing him of the court's action. After receiving this notice, Heard did not seek reinstatement of his appeal pursuant to the statute. Rather, he undertook this appeal.

On appeal, Heard poses the following question:

> Was the appellant wrongly denied proper notice of the Docket call and the subsequent orders until it was too late for him to timely represent his interests before the Court?

He has provided us no record to assist us in appraising his contentions. Thus, we consider the question that he poses on appeal in the light of the record furnished by the trial court.

Heard first complains that he was given no notice of the February 28, 2001 docket call and the proposed discontinuance of

-

his case.  The statute expressly declares such notice unnecessary.  It is the duty of a party maintaining an action in court to keep track of it and to pursue his rights and remedies diligently.  The trial court's action on February 28, 2001 denied Heard no notice or process that was due him.

Heard next complains that the trial court clerk's failure to send him timely notice of the discontinuance of his case denied him the opportunity to "represent his interests before the Court."  If by "the Court" Heard means the trial court, the statute provided him one year from the discontinuance of his case, ten months of which remained as of the time he received notice of the discontinuance from the trial court's clerk, in order to seek reinstatement.  His election not to pursue that remedy was a decision of his own choosing.  That decision in no way related to the timing of his notice from the trial court's clerk.

If Heard's question is read to assert the denial of an opportunity to represent his interests before this Court, the procedural record of the case refutes his position.  We have received and considered his appeal.

The trial court's remand of the matter to the juvenile and domestic relations district court was consistent with the requirements and purpose of Code § 16.1-298(A).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-

Clements, J., concurring.

I concur in the majority's conclusion affirming the judgment of the trial court.  However, I would reach that conclusion by finding appellate review procedurally barred in this case because appellant failed to provide this Court with an appendix as required by Rule 5A:25.

Rule 5A:25 provides that "[a]n appendix shall be filed by the appellant in all cases" brought before this Court.  Seven copies of the appendix are to be filed.  Rule 5A:25(b); Rule 5A:19(e).  The appendix must include everything that is germane to the appeal.  See Rule 5A:25(c).  In considering a case on appeal, we may look beyond the appendix into the record, but we are not required to do so.  See Rule 5A:25(h).

As the majority acknowledges, the appellant in this case filed no appendix "to assist us in appraising his contentions."  The only document he filed with this Court was his brief, which, coincidentally, did not include any "references to the pages of the . . . record," as required by Rule 5A:20.[1]  Nevertheless, the majority chooses to "consider the question [the appellant] poses on appeal in the light of the record furnished by the trial court."  I would not do so.

---

[1] We have consistently stated that "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

As the Supreme Court wrote in Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam):

> The appendix is a tool vital to the function of the appellate process in Virginia. Without it, the seven Justices of this Court would have to pass the original record from one to the other. Much of the contents, though material at trial, may be utterly irrelevant to the issues posed on appeal. By requiring the publication and distribution of an appendix which excludes all irrelevancies, the Rules of Court expedite the adjudication of the appeal and reduce the costs. By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.

While the panel of judges considering the instant case on appeal consisted of only three judges, the same principles apply here. Additionally, the judges of this Court are diversely situated throughout the Commonwealth. Thus, the filing of an appendix, as required by the Rules, is, in my opinion, "essential to an informed collegiate decision." Id.

Furthermore, we do not presume on appeal that the trial court has erred. Indeed,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

For these reasons, I would hold that we are barred from considering the question before us and would affirm the judgment of the trial court.