COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Clements and Senior Judge Willis


LATOYLA COOPER

MEMORANDUM OPINION[*] BY
v.    Record No. 0645-03-1        JUDGE JEAN HARRISON CLEMENTS
                                          SEPTEMBER 30, 2003
VIRGINIA BEACH DEPARTMENT OF
 SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

(Adrianne L. Bennett; Berry, Ermlich, Lomax &
Bennett, on brief), for appellant.  Appellant
submitting on brief.

(Leslie L. Lilley, City Attorney; Nianza E.
Wallace II, Associate City Attorney, on
brief), for appellee.  Appellee submitting on
brief.

(Lorraine Baysek, on brief), Guardian ad litem
for the infant child.


Latoyla Cooper (mother) appeals the circuit court's February 26, 2003 order finding that she neglected her infant daughter, M. On appeal, mother contends the evidence is insufficient to support the trial court's finding of neglect.  We disagree and affirm the trial court's decision.

BACKGROUND

On June 14, 2002, mother took her two-week-old daughter to visit a friend in a second floor apartment.  While there, mother

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

argued with her friend and was asked to leave the residence.  As mother left the apartment, M. slipped from her stroller and fell down the stairs, fracturing her skull.  On June 17, 2002, the Department of Social Services (the Department) removed M. from Cooper.  M. remains in foster care.

ANALYSIS

Mother contends the evidence presented at trial failed to establish by a preponderance of the evidence that she "abused or neglected" the infant, as defined in Code § 16.1-228(1).

We are unable to review this claim because the evidence included in the appendix filed in this case consists only of mother's testimony.  The appendix does not indicate what acts the Department alleged constituted neglect or the evidence the Department presented to support the allegations.  We cannot determine the sufficiency of the evidence without that information.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3) . . . .  "The appendix is a tool vital to the function of the appellate process in Virginia. . . .  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice."  Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam).  Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision."  Id.  Because the appendix filed in this case does not contain parts of the

- 2 -

record that are essential to the resolution of the issue before us, we will not decide the issue.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

We do not presume on appeal that the trial court has erred. In fact,

> "[w]e have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Because the appendix is insufficient to decide the present issue, we affirm the judgment of the trial court.

Affirmed.