COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


SAEID MONTAKHABI

                                                MEMORANDUM OPINION[*]
v.       Record No. 1531-04-4                        PER CURIAM
                                                  JANUARY 18, 2005
NAYER MONTAKHABI


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

(Karen Leiser; Leiser & Associates, PLLC, on brief), for appellant.
Appellant submitting on brief.

No brief for appellee.


Saeid Montakhabi, husband, appeals a final decree of the trial court granting a divorce to the

parties. On appeal, husband argues the trial court erred by: (1) awarding Nayer Montakhabi, wife,

the marital home in its entirety; and (2) refusing to consider the parties' pre-marital agreement

contained in their Iranian marriage certificate. In addition, husband asks as a question presented

whether the ruling of the trial judge can be upheld when the record is insufficient to review the trial

judge's decision. We dismiss husband's appeal, finding that he has not provided this Court with an

adequate record for us to determine the issues.

Husband contends the trial court erred by awarding wife the marital home in its entirety and

granting husband no comparable award.

"The judgment of the trial court is presumed correct and he who asserts the contrary is

required to overcome the presumption by record proof . . . ." Kaufman v. Kaufman, 7 Va. App.

488, 499, 375 S.E.2d 374, 380 (1988). The burden is on the party seeking reversal to submit to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellate court a record that enables the court to determine whether there has been an error. <u>See</u> <u>Smith v. Commonwealth</u>, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); <u>see</u> <u>Anderson v. Commonwealth</u>, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is indispensable to determining whether the trial court erred in making the equitable distribution award. The record contains no transcripts of any court proceedings in this case. Husband included in the appendix a copy of a written statement of facts which is not signed by the trial judge in compliance with Rule 5A:8(c). However, the circuit court record includes a written statement of facts which is signed by the trial judge. That statement of facts also contains a handwritten addition initialed by the trial judge and consisting of a specific factual finding made by the judge that is pertinent to the equitable distribution award. However, the copy of the written statement of facts husband incorporated into the appendix does not contain this addition or the trial judge's signature.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." <u>Thrasher v. Burlage</u>, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." <u>Id.</u>

<u>Patterson v. City of Richmond</u>, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Husband had the responsibility to provide this Court with an adequate record of the trial proceedings to enable the Court to reasonably understand the nature of the appeal and the

underlying facts upon which the appeal is based. <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). An appellate court does not have the responsibility of scouring the record to understand the facts necessary to support a party's legal position. <u>Id.</u> Here, husband has failed to provide us with an adequate appendix to enable us to address the issue he raises. Because the appendix filed in this case does not contain a part of the record that is essential to the resolution of the first issue before us, we will not decide the issue.

As his second question presented, husband asks, "Can the ruling of the trial court to award wife the marital home be upheld on appeal when the record is insufficient to allow the appellate court to review the correctness of the chancellor's determination?" We addressed this question above by finding that the record on appeal is inadequate to address husband's first issue. However, we also note that wife had no duty to provide a transcript or written statement of facts in this appeal.

In his third question presented, husband asserts that the trial judge erred by refusing to consider the parties' pre-marital agreement when making the equitable distribution award. After the trial court hearing in this case, husband filed a motion for reconsideration, contending that the trial judge should reconsider its decision in light of a pre-nuptial agreement contained in the parties' Iranian marriage certificate, a copy of which husband obtained after the hearing. However, the appendix contains no order from the trial judge denying a motion for reconsideration, and without such an order, a transcript, or written statement of facts addressing this issue, the record is inadequate for this Court to consider the issue. "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." <u>Jenkins v. Winchester Dep't of Soc. Servs.</u>, 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

For the foregoing reasons, husband's appeal is dismissed.

<u>Dismissed.</u>
