COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


DAVID C. GILLIAM, III

                                               MEMORANDUM OPINION[*] BY
v.        Record No. 1169-08-2                 JUDGE ROBERT J. HUMPHREYS
                                                     OCTOBER 6, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

(Marlene A. Harris, on brief), for appellant.   Appellant submitting
on brief.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


David C. Gilliam, III ("Gilliam") appeals his convictions for abduction with intent to

defile, rape and use of a firearm in the commission of rape.  Gilliam argues that the

Commonwealth's use of its peremptory strikes to strike three African-American jurors violated

the Equal Protection Clause of the Fourteenth Amendment.  For the following reasons, we affirm

his convictions because Gilliam failed to comply with the Rules of Court.

On March 22, 2005, a grand jury indicted Gilliam for abduction with intent to defile,

rape, and use of a firearm in the commission of rape.  The case went to a jury trial on October 24,

2005.  After *voir dire* of the jury panel and the exercise by both parties of their peremptory

strikes, Gilliam made a motion challenging the Commonwealth's strike of three

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

African-Americans from the jury pool on constitutional due process grounds pursuant to the

holding in Batson v. Kentucky, 476 U.S. 79 (1986).[1]

The prosecutor explained that she struck the jurors because of her concern that they

would not be able to fully understand the complicated DNA evidence that would be presented at

trial. The prosecutor based that concern on the fact that one of the jurors was unemployed, that

one worked in the laundry room at the Southside Virginia Training Center, and the third juror

was employed at the Southside Virginia Training Center. The trial court accepted the

prosecutor's explanation for the strikes, stating:

> I will note for the record that [the unemployed juror] is the only
> one listing as having been unemployed. And I think that's
> sufficient. The fact that there are other African Americans
> remaining on the jury, and based on the explanations that the
> Commonwealth has given, I do not find any purposeful
> discrimination, I overrule the motion.[2]

The jury subsequently convicted Gilliam on all counts. The Supreme Court of Virginia

granted Gilliam a delayed appeal on April 7, 2008.

On his delayed appeal to this Court, Gilliam has failed to comply with Rule 5A:8, Rule

5A:20(e), and Rule 5A:25(c)(3). Although none of those violations, when viewed individually,

may be so "significant" as to forfeit Gilliam's right to appellate consideration, see Jay v.

Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the cumulative effect of all three

---

[1] The Commonwealth had used its fourth peremptory strike to eliminate a juror who was *not* African-American, despite the fact that African-Americans remained on the jury panel after the peremptory strikes.

[2] Because the issue has been procedurally defaulted, we do not address the merits of whether the implicit assertion by the prosecutor in this case that either unemployed African-Americans or those who happen to be employed at the Southside Virginia Training Center are thereby incapable of comprehending DNA evidence is a sufficiently race-neutral reason for the exercise of a peremptory challenge or is instead purely pretextual.

violations is significant, and we hold that he waived his right to have us consider his question presented.

Rule 5A:8 provides that:

> The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment. Upon a written motion filed within 60 days after entry of the final judgment, a judge of the Court of Appeals may extend this time for good cause shown.

When an appellant is granted a delayed appeal, the 60-day time limit for the filing of transcripts runs "from the date of the order by the circuit court appointing counsel to represent the appellant in the delayed appeal." Code § 19.2-321.1. Here, the circuit court appointed counsel for Gilliam on April 25, 2008. Thus, pursuant to Rule 5A:8 and Code § 19.2-321.1, Gilliam was required to file the transcripts by June 24, 2008. Gilliam did not file the transcript of the *voir dire* until August 27, 2008 – 124 days after counsel was appointed. Thus, Gilliam clearly failed to comply with Rule 5A:8.

Rule 5A:20(e) requires that an appellant's opening brief include a "clear and concise statement of the facts that relate to the questions presented." Gilliam provided a statement of facts in his opening brief. However, none of the facts in that section relate to the issue presented in this appeal. The statement of facts describes the circumstances surrounding the commission of the crimes and does not contain *any* information relating to the *voir dire* or the subsequent Batson challenge. The argument section of Gilliam's brief does include some information about the Batson motion, but it does not contain citations to the record. It also references information contained in the *voir dire* transcript that was filed late and was not made part of the joint appendix. Gilliam does not provide citations for that information either.

Rule 5A:25(c)(3) requires that the joint appendix include, *inter alia*, "any testimony and other incidents of the case germane to the questions presented." "[T]he filing of an appendix that

- 3 -

complies with the Rules, is 'essential to an informed collegiate decision.'" Patterson v. City of

Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003) (quoting Thrasher v. Burlage, 219

Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (*per curiam*)).

> The appendix is a tool vital to the function of the appellate process
> in Virginia.  Without it, [appellate judges] would have to pass the
> original record from one to the other. . . .  By requiring the
> inclusion of all parts of the record germane to the issues, the Rules
> promote the cause of plenary justice.

Thrasher, 219 Va. at 1010, 254 S.E.2d at 66.  Gilliam presents one issue on appeal:  whether the

trial court erred in denying his Batson motion.  A Batson challenge requires three steps:  1) "a

defendant asserting such a violation initially must show that the individual is a member of a

cognizable racial group . . . and make a prima facie showing that the peremptory strike was made

on racial grounds," 2) "[i]f a prima facie case is put before the court, the burden shifts to the

prosecution to produce race-neutral explanations for striking the juror," and 3) "[t]he defendant

can then argue that the prosecution's explanations were purely a pretext for unconstitutional

discrimination."  Lightfoot v. Commonwealth, 50 Va. App. 723, 727, 653 S.E.2d 615, 617-18

(2007) (citations omitted).  Thus, in order to review a Batson issue on appeal, two parts of the

record are especially relevant:  the transcript of the *voir dire* and the transcript of the motion by

the defendant and the response by the Commonwealth.  Here, Gilliam failed to include the

transcript of the *voir dire* in the joint appendix.  That transcript is clearly "germane to the

question[] presented," and should have been timely filed and included in the joint appendix.

Rules 5A:8 and 5A:25(c)(3).  Therefore, we hold that Gilliam's failure to comply with the Rules

of Court is "significant" and treat his question presented as waived.  See Jay, 275 Va. at 520, 659

S.E.2d at 317.

For the foregoing reasons, we hold that Gilliam waived his only question presented.

Therefore, we affirm the decision of the trial court.

<u>Affirmed.</u>
