UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia


GOPALAKRISHNAN SUBRAMANIAN

MEMORANDUM OPINION[*] BY
v.        Record No. 2617-11-4            CHIEF JUDGE WALTER S. FELTON, JR.
OCTOBER 16, 2012

RANJEETHA RAVICHANDRAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

Robert F. Zaniel (Divorce Resource, PLLC, on brief), for appellant.

(Ranjeetha Ravichandran, *pro se*, on brief).  Appellee submitting on
brief.


Gopalakrishnan Subramanian ("husband") appeals the trial court's denial of his motion for a

divorce from Ranjeetha Ravichandran ("wife").  Husband argues that the trial court erred in finding

he had "unclean hands" because he refused to assist wife in obtaining a United States H-4

Dependent Visa,[1] resulting in her being unable to appear in person to challenge the divorce.  He also

asserts the trial court erred by precluding him from obtaining a divorce because of his "unclean

hands," finding that it was "inequitable" to enter a divorce decree, and relying on facts not in

evidence.  For the following reasons, we affirm the judgment of the trial court.

I.  BACKGROUND

On May 28, 2007, the parties were married in India pursuant to Hindu tradition.  The

parties then moved to the United States.  In August 2008, wife returned to India, with the parties'

---

[*]Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] A H-4 Dependent Visa is the nonimmigrant classification for dependent spouses of a
temporary (nonimmigrant) worker.

minor child, to complete an engineering exam. On March 22, 2010, husband filed a motion for divorce seeking a divorce on the grounds of desertion and/or mental cruelty, or, in the alternative, on the grounds of one year separation pursuant to Code § 20-91(9).

On May 13, 2010, wife filed a response to husband's motion for divorce. In her response, wife denied that she deserted husband, and asserted that husband restricted her from reentering the United States by refusing to renew her H-4 Dependent Visa. Wife also asked the trial court to determine child custody, child support, spousal support, and an equitable distribution of the marital estate.

Some six months later, on November 4, 2010, the trial court conducted a hearing *ore tenus* on husband's motion. Only husband and his counsel were present at that hearing. The trial court found that husband's actions in refusing to renew wife's H-4 Dependent Visa barred her from reentering the United States to participate in the divorce proceedings. The trial court ruled that because of husband's "unclean hands," barring wife from personally appearing to protect her interests, he was not entitled to a divorce. The trial court also found that entry of husband's draft final decree would be inequitable as it would foreclose wife from seeking child support, spousal support, and equitable distribution of the marital estate. The trial court stated its findings in a letter opinion and in its order denying the divorce, both dated December 6, 2010. The order incorporated the trial court's letter opinion by reference.

Husband appealed the trial court's December 6, 2010 order denying the divorce to this Court. By order dated July 5, 2011, this Court found that the December 6, 2010 order was not final for purposes of appeal and dismissed the appeal without prejudice.

Almost one year later, on December 2, 2011, the trial court again entered an order denying husband's request for a divorce for the reasons previously stated in its letter opinion and

December 6, 2010 order. The trial court concluded in its final order that "there are no further matters that need to be addressed in this cause."

## II. ANALYSIS

On appeal, husband argues that the trial court erred by refusing to enter his draft order granting him a divorce from wife. After review of the record presented by husband on appeal, we conclude that husband failed to provide this Court with an adequate record from which we can determine whether the trial court erred in denying husband's request for a divorce. "If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention." Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008). "[I]t is not the function of this Court to 'search the record for error in order to interpret the appellant's contention and correct deficiencies in a brief.'" West v. West, 59 Va. App. 225, 235, 717 S.E.2d 831, 835 (2011) (quoting Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992)).

Rule 5A:25(c)(3) provides that the appendix "shall include: . . . any testimony and other incidents of the case germane to the assignments of error." The appendix does not contain records from the trial court necessary to support husband's assertions of where he preserved his assignments of error. The final order states that husband excepts to the order "on the grounds set forth on the attached." Those grounds are not contained in the appendix.

> "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Moreover, husband also failed to comply with Rule 5A:8(c)(2). His written statement of facts and incidents of trial, included in the appendix he provided on appeal, was not signed by the trial court as required by the Rule. Accordingly, we affirm the judgment of the trial court denying husband's motion for a divorce from wife.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

<u>Affirmed.</u>