COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

SHERRIE L. HUSTEAD

v.      Record No. 0331-12-3

CITY OF ROANOKE DEPARTMENT
 OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 11, 2012

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
William D. Broadhurst, Judge

(Sherrie L. Hustead, *pro se*, on briefs).

(Timothy R. Spencer, City Attorney; Heather P. Ferguson, Assistant
City Attorney; David W. Steidle, Guardian *ad litem* for the minor
children, on brief), for appellee.

UNPUBLISHED

Sherrie L. Hustead appeals an order awarding custody of K.H. and R.H.[1] to the City of
Roanoke Department of Social Services (the Department).  Hustead argues that the trial court erred
by (1) not conducting a proper *de novo* hearing because it required Hustead to bear the burden of
proof; (2) not requiring the Department to prove by clear and convincing evidence that Hustead
caused an imminent threat to the children's lives and that reasonable efforts had been made by the
Department to prevent the removal of the children from Hustead's home prior to November 18,
2010 pursuant to Code § 16.1-252(E)(1) and (2); (3) relying upon hearsay testimony in its final
ruling; (4) determining Hustead did not understand child development; (5) finding that M.H.'s
presence in Hustead's home prevented K.H. and R.H. from returning to her home; and (6) not
evaluating all of the best interests factors as required by Code § 20-124.3 because it failed to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Since the children are minors, we will refer to them by their initials.

consider the significance of family connections. Hustead further argues that her privately retained counsel was "grossly negligent" because he failed to present Hustead's case as directed. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

On September 5, 2008, pursuant to an emergency removal order, the City of Roanoke Juvenile and Domestic Relations District Court (JDR court) awarded legal custody of K.H. and R.H. to the Department. On February 26, 2009, Hustead filed petitions for custody of K.H. and R.H.

Hustead is the children's paternal great aunt and lives in Ohio with her adopted son, M.H. M.H. has been diagnosed with Attention Deficit Disorder and Oppositional Defiance Disorder. There is a history of violence in the home. Hustead called the sheriff's office in October, November, and December 2008, to report incidents of domestic violence between M.H. and her. As a result, M.H. was placed in the juvenile detention center for a few months before he was placed on probation and ordered to attend an alternative school.

In July 2009, an Interstate Compact on the Placement of Children (ICPC) homestudy was completed. The assessor approved the home, but with "significant reservations about [Hustead's] ability to provide protection and safety to her great nephews if they were to be placed in her home."

A second homestudy was completed in February 2010, and again, Hustead's home was approved. Hustead also became a licensed foster care parent.

- 2 -

On March 3, 2010, the JDR court granted physical custody of K.H. and R.H. to Hustead.[2] A social worker from Ohio regularly visited the home and checked on the family. The social worker had concerns about M.H.'s behavior.[3] On October 29, 2010, the Ohio social worker received a "neglect referral" against Hustead.[4] As a result, the Department sought an order returning K.H. and R.H. to its physical custody in Virginia. The JDR court entered a custody order on November 18, 2010, and the children were placed in foster care.

Hustead appealed the JDR court's order. On August 12, 2011, the trial court heard evidence from Hustead, and at the conclusion of her case, the Department moved to strike because the previous ICPC homestudy had expired. The trial court entered an order for an updated ICPC homestudy. The third homestudy approved the home with certain conditions, including not leaving M.H. alone with K.H. and R.H., ensuring that M.H. take his medication, attending family and individual counseling, and taking K.H. and R.H. to a pediatrician.

On November 14, 2011, the trial court denied Hustead's motion for visitation.[5] On January 11, 2012, the trial court heard evidence and argument regarding Hustead's petition for custody. At the conclusion, the trial court found that Hustead was unable to care for K.H. and R.H. given M.H.'s issues, that she did not have the insight to meet the needs of the children, and that she was unable to protect the children from abuse and neglect. On February 13, 2012, the trial court entered an order reflecting its ruling. Acting *pro se*, Hustead filed a motion to reconsider, which the trial court denied on March 1, 2012. This appeal followed.

---

[2] The Department maintained legal custody of the children.

[3] During the 2009-10 school year, M.H. had eleven out-of-school suspensions, ten in-school suspensions, and thirty-two detentions. During the 2010-11 school year, M.H. had multiple detentions and attended the alternative school for several days.

[4] It was later determined that the allegations did not rise to a level of neglect in Ohio.

[5] The trial court entered an order regarding this ruling on January 3, 2012.

ANALYSIS

Hustead's attorney signed the February 13, 2012 order as "Seen and objected to" without further explanation. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. Hustead filed a motion to reconsider, which was sixty pages long with approximately two hundred pages of attachments.

In her opening brief, Hustead states that all of her assignments of error were preserved in the order denying her motion to reconsider (the March 1, 2012 order). The trial court waived the endorsement of counsel pursuant to Rule 1:13, but noted that "Ms. Hustead's objections as revealed in her contrary arguments on brief are noted." Hustead did not note any specific objections to the order.

Hustead did not include the motion to reconsider in her appendix. The motion to reconsider is essential to the review of her issues.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

In addition, Hustead does not include a "clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Rule 5A:20(c). She simply referred to the March 1, 2012 order. This Court "will not search the record for errors in order to interpret the appellant's contention and correct

- 4 -

deficiencies in a brief." <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Hustead failed to provide the Court with an adequate appendix to enable us to address her assignments of error. Furthermore, Hustead failed to provide exact references as to where she preserved her issues. We find that these failures to comply with Rules 5A:20 and 5A:25 are significant. <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008). Accordingly, we affirm the judgment of the trial court.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>