COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

CARMELA M. SARNO

v.     Record No. 1560-14-1

GEORGE S. SARNO

MEMORANDUM OPINION[*]
PER CURIAM
MAY 5, 2015

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

(Carmela M. Sarno, *pro se*, on brief).

No brief for appellee.

Carmela M. Sarno (appellant) appeals her final decree of divorce, which the trial court

entered on August 5, 2014. Appellant lists fifteen assignments of error in her amended opening

brief.[1] She contests the grounds for divorce, equitable distribution, and spousal support. She also

alleges ineffective assistance of counsel. Upon reviewing the record and amended opening brief,

we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of

the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's opening brief included seventeen assignments of error, but she withdrew
two when she filed her amended opening brief.

Appellant and George S. Sarno (appellee) married on June 9, 1990 and separated on April 9, 2010.  Appellant filed a complaint for divorce on May 27, 2010.

The trial court heard evidence and argument on September 19 and 24, 2013.  The parties also presented a joint stipulation of facts.  The trial court issued a letter opinion dated February 5, 2014.  The trial court awarded a divorce to appellant based on the parties living separate and apart for more than one year.  The trial court classified and valued the parties' investment accounts, retirement accounts, real estate, and personal property.  After considering the factors in Code § 20-107.3(E), the trial court divided the marital property equally, except for certain credits that each party received.  After reviewing the factors in Code § 20-107.1(E), the trial court awarded appellant spousal support in the amount of $500 per month for six years.  It held that each party would be responsible for his/her attorney's fees.  Appellant filed exceptions to the trial court's rulings, which the court overruled.  On August 5, 2014, the trial court entered the final decree of divorce.  This appeal followed.

ANALYSIS

On appeal, appellant argues that the trial court erred in its rulings with respect to her divorce.  She also contends her attorney was not effective.

On January 26, 2015, appellant filed an opening brief and a list of documents as her appendix.  On February 11, 2015, this Court issued a show cause order regarding her failure to file an appendix, as opposed to a list of documents.  It also notified appellant of her noncompliance with Rule 5A:20 and allowed her an opportunity to file an amended opening brief.[2]

---

[2] When the clerk's office notified appellant of deficiencies with her opening brief and allowed her to file an amended opening brief, the letter stated in bold print:  "The amended briefs must be clearly labeled as such and the text of the amended briefs must not vary from that of the original pleading except as may be necessary to correct the deficiencies noted."  Despite these instructions, appellant modified the text of her opening brief, including her assignments of error.

On February 27, 2015, appellant filed an appendix. Her appendix does not comply with Rule 5A:25. Appellant did not include copies of the initial pleadings or the transcripts from the hearings in the appendix. Rule 5A:25(c). Instead, she included numerous documents that were not submitted to the trial court.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

On April 8, 2015, appellant filed her amended opening brief. Rule 5A:20(e) mandates that appellant's opening brief includes "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Despite being given an opportunity to amend her opening brief, appellant did not comply with Rule 5A:20(e) because her amended opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop her arguments.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of

---

Accordingly, this Court will not consider any substantive changes she made to her amended opening brief.

[appellant's] claims." <u>Fitzgerald v. Bass</u>, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." <u>Francis v. Francis</u>, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

This Court finds that appellant's failure to comply with Rules 5A:20 and 5A:25 is significant, so we will not consider her assignments of error. <u>See</u> <u>Fadness v. Fadness</u>, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); <u>Parks v. Parks</u>, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.[3] Rule 5A:27.

<u>Affirmed.</u>

---

[3] In light of the Court's decision, we need not address appellee's motion to dismiss nor the request for additional time to file appellee's brief.

- 4 -