UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Russell and Senior Judge Frank


ARRIE C. CLEMENTS

v.      Record No. 2371-13-2

JAMES W. CLEMENTS

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 27, 2015


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Arrie S. Clements, *pro se*, on brief).

No brief for appellee.


Arrie S. Clements (wife) appeals a final decree of divorce. Wife argues that the trial court

erred by (1) failing to grant her motion for injunction filed on December 7, 2012; (2) failing to

dismiss James W. Clements' (husband) counterclaim filed on February 13, 2013; (3) failing to

appoint a guardian *ad litem*; (4) failing to grant wife's motions to compel filed on May 20, 2013 and

July 18, 2013; (5) failing to rule on wife's objection to husband's motion to amend the

counterclaim; (6) failing to rule on her motion to amend her complaint for divorce; (7) failing to

grant wife's motion for entry and possession; (8) failing to rule on wife's objections to husband's

depositions; (9) failing to rule on wife's objections to husband's proposed final decree of divorce;

(10) entering the final decree of divorce; and (11) failing to grant wife's motion to vacate. Wife also

argues that Steven P. Hanna, wife's former guardian *ad litem*, "breached his duties as said guardian

*ad litem* in that he failed to faithfully represent" her. Lastly, wife argues that T.O. Rainey, III,

husband's attorney, "breached his professional responsibilities as established by the Virginia State

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Bar," and wife cites several examples of his alleged misconduct. We summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Husband and wife married on June 16, 1989 and separated on or about July 30, 2012. On December 18, 2012, wife was convicted of embezzlement, and on March 27, 2013, she was sentenced to an active term of seven years in prison.

Wife filed a complaint for divorce, and husband filed an answer and counter-claim. On October 17, 2013, the trial court entered a final decree of divorce, which granted husband a divorce from wife based on wife's felony conviction.[1] Code 20-91(A)(3). This appeal followed.

## ANALYSIS

Wife argues that there were numerous errors with the procedure and entry of the final decree of divorce.

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Wife did not file an appendix; instead, she attached documents to her opening brief that showed her proposed distribution of assets, as well as copies of letters from husband's counsel and her guardian *ad litem*. Pursuant to Rule 5A:25(b), an appellant can file the appendix as an addendum to her opening brief, so long as the combined length of the opening brief and appendix do not exceed the limitations described in Rule 5A:19. However, Rule 5A:25(c)

---

[1] The final decree did not include an equitable distribution award.

- 2 -

discusses the contents of the appendix, and states that the appendix must include the initial pleading, the judgment from which appellant is appealing, "any testimony and other incidents of the case germane to the assignments of error," and the "exhibits necessary for an understanding of the case that can reasonably be reproduced." Wife provided none of these documents. She argues that the trial court denied or failed to rule on several of her motions, but she does not provide copies of the motions in an appendix.

> "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (*per curiam*). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Furthermore, wife's opening brief also does not indicate where, if at all, she preserved her arguments regarding the guardian *ad litem* and opposing counsel. Rule 5A:20(c).

Wife failed to provide us with an adequate appendix to enable us to address her assignments of error. Because the appendix filed in this case does not contain a part of the record that is essential to the resolution of the issues before us, we affirm the judgment of the trial court.

This Court has previously held that we "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

- 3 -

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>