COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Annunziata

CALVIN E. WILLIAMS, SR.

MEMORANDUM OPINION*
v.       Record No. 1470-15-4                    PER CURIAM
JULY 19, 2016

JACQUELINE JACOBS WILLIAMS

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

(Calvin E. Williams, Sr., *pro se*, on brief).

No brief for appellee.

Calvin E. Williams, Sr. (father), appeals an order that granted Jacqueline Jacobs Williams'

motion to modify the child's primary residence. Father argues that the trial court erred by (1) not

following or enforcing "its existing Order of Sanctions . . . by scheduling the Mother's . . . Amended

Motion to Amend Primary Physical Custody, and ultimately rul[ing] to change the primary physical

residence of the minor child;" (2) ruling in mother's favor even though she did not prove a material

change in circumstances; and (3) ignoring the fact that mother was cohabiting with her paramour.[1]

Upon reviewing the record and opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father's opening brief also includes three questions presented. Effective July 1, 2010, Rule 5A:20(c) was revised to state that an appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider the additional issues listed as questions presented.

BACKGROUND

The parties divorced in 2011. Pursuant to their final order of divorce, the parties had joint legal and physical custody of their children, but the children's primary residence was with father.

The matter was brought before the trial court again in 2015. On August 17, 2015, the trial court granted mother's motion to modify the minor child's primary residence to her residence.[2] The trial court ordered that father would have the same visitation schedule as mother previously had. The trial court also granted father's rule to show cause and ordered that mother was not to have any overnight guests of the opposite sex with whom she was in a romantic relationship while the minor child is present. This appeal followed.

ANALYSIS

Father's appendix included copies of partial transcripts from hearings in 2011, the August 17, 2015 order, a scheduling order dated July 14, 2015, father's rule to show cause that was entered by the court on August 11, 2015, an order dated June 5, 2015, a pretrial scheduling order dated June 5, 2015, the final order of divorce, and copies of two cases referred to in his opening brief. The appendix does not contain the mother's motion for primary physical custody of the minor child and father's response. The appendix does not contain the July 17, 2015 order regarding the sanctions against mother. The July 17, 2015 order is the subject of father's first assignment of error. Furthermore, the appendix does not include the transcript from the August 17, 2015 hearing, which is specifically referenced in the August 17, 2015 order and appears necessary to our consideration of all three assignments of error.

> The appendix must include "any testimony and other incidents of
> the case germane to the [assignments of error]," Rule 5A:25(c)(3),
> and "exhibits necessary for an understanding of the case that can

---

[2] The parties' oldest child was no longer a minor.

- 2 -

reasonably be reproduced," Rule 5A:25(c)(6).  "The appendix is a
tool vital to the function of the appellate process in Virginia. . . .
By requiring the inclusion of all parts of the record germane to the
issues, the Rules promote the cause of plenary justice."  Thrasher
v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per
curiam).  Thus, the filing of an appendix that complies with the
Rules[] is "essential to an informed collegiate decision."  Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

It is not this Court's "function to comb through the record . . . in order to ferret-out for

ourselves the validity of [appellant's] claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366

S.E.2d 615, 625 n.7 (1988) (*en banc*).  "Even *pro se* litigants must comply with the rules of

court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Father failed to provide us with an adequate appendix to enable us to address his

assignments of error.  Because the appendix filed in this case does not contain parts of the record

that are essential to the resolution of the issues before us, we summarily affirm the judgment of

the trial court.

Affirmed.