COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, O'Brien and Senior Judge Clements
Argued at Alexandria, Virginia


RENEE ANN BEATTY

v.      Record No. 1945-16-4

HARRY DAVIS BEATTY

MEMORANDUM OPINION* BY
JUDGE JEAN HARRISON CLEMENTS
APRIL 18, 2017


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Renee Ann Beatty, *pro se*.

Kelly M. Juhl (The Susan Hicks Group PC, on brief), for appellee.


Appellant (mother) and appellee (father) divorced in 2014.  Mother and father shared joint legal custody of their two daughters, A.B., born in 2004, and L.B., born in 2006, but mother had primary physical custody.  In 2016, mother and father filed separate motions to modify custody and visitation.  Following a two-day hearing, the trial court awarded sole legal and primary physical custody to father.  Mother appeals that ruling, asserting the court abused its discretion in disregarding the children's stated preference to live with her and in finding she had alienated the children from their father.  We affirm the trial court's decision because mother did not provide a proper appendix.

As appellant, mother was responsible for providing a complete record to this Court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*).  Rule 5A:25 requires appellant to file an appendix that "should generally contain everything relevant" to the assignments of error.  Reid v. Commonwealth, 57 Va. App. 42, 49, 698 S.E.2d 269, 272 (2010).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Although mother designated portions of the 2016 custody hearing transcript to be included in the appendix, the only documents she attached to her opening brief, in lieu of a separate appendix, were the September 2016 order being appealed, the 2013 marital settlement agreement, and documents relating to the April 2016 criminal complaint and preliminary protective order she obtained against father. These materials do not adequately address mother's claim that the trial court's ruling was an abuse of discretion. Furthermore, mother did not include any of the items father designated for the appendix.

This Court may "consider other parts of the record," id. (quoting Rule 5A:25(h)), but is not required to do so, and in cases where the appendix was inadequate, the Court has found an appellant's argument was defaulted. In Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003), we stated:

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id. Because the appendix filed in this case does not contain parts of the record that are essential to the resolution of the issue before us, we will not decide the issue.

Additionally, the judgment of the lower court is presumed on appeal to be correct. See Caprino v. Commonwealth, 53 Va. App. 181, 184, 670 S.E.2d 36, 37-38 (2008); Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Thus,

> [a]n appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this [C]ourt, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error.

Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959). It is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). Mother's status as a *pro se* litigant does not excuse her failure to comply with the applicable appellate rules, as "[e]ven *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999). Because the appendix in this case is insufficient to decide the issue presented, we affirm the judgment of the trial court.

Appellee asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having considered the record in this case, we decline to award attorney's fees and costs in this instance.

Affirmed.