COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

CLEO DICKERSON

v.      Record No. 0819-13-1

CITY OF VIRGINIA BEACH
  DEPARTMENT OF HUMAN SERVICES

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 1, 2013

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glen R. Crowshaw, Judge

(Diane J. Manning, on brief), for appellant.

(Mark D. Stiles; Christopher Boynton; Christianna Dougherty-
Cunningham; Rachel Allen; Bretta Lewis, Guardian *ad litem* for the
minor child, on brief), for appellee.


Cleo Dickerson (mother) appeals orders approving the goal of permanent foster care for her

child.  Mother argues that the trial court erred by finding that (1) "the relief of custody and

accompanying petition were appropriate"; (2) "all reasonable efforts were made to prevent removal

of the child from her mother's home"; (3) "the child's health was in eminent [sic] danger by virtue

of the structure of her mother's care for her"; (4) "the mother was suffering from severe mental

issues which precluded her from being an effective and loving parent"; (5) "the mother's cessation

of visitation violated any reasonable demonstrated ability to maintain a close and continuing

relationship with the child"; and (6) "the permanency plan order adopted by the juvenile court is in

the child's best interests."  Mother also argues that the trial court erred by "dismissing the appeal of

the annual foster care review order, and finding that the plan is in the child's best interests."  Upon

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.[1] See Rule 5A:27.

BACKGROUND

The Virginia Beach Department of Human Services (the Department) has been involved with mother and her child for several years. On or about October 3, 2007, the Virginia Beach Juvenile and Domestic Relations District Court (the JDR court) entered a permanent child protective order because the minor child had been subject to medical abuse. Pursuant to the child protective order, mother was ordered to participate in a neuropsychiatric evaluation and cooperate with the services and recommendations of the Department. Mother participated in the neuropsychiatric evaluation.

The Department continued to provide services for the family; however, in 2009, it received referrals alleging abuse and neglect of the child. Mother agreed to transfer custody of the child to relatives, but shortly thereafter, the child left those relatives' care. The child was then placed with other family members, specifically Troy and Carletta Perry. In August 2009, the Perrys received custody of the child, yet, by the fall of 2009, the Perrys filed a motion to be relieved of custody of the child. The child was placed in foster care because there were no other relatives who were willing, able, and/or suitable to care for the child. The Department determined that it was not in the child's best interests to be returned to mother's custody because mother failed to follow through with the recommendations of the neuropsychiatric evaluation,

---

[1] On August 16, 2013, the Department and the guardian *ad litem* filed a motion to dismiss based on mother's failure to comply with the Court's procedural rules. Considering our ruling summarily affirming the trial court's decision, the motion to dismiss is denied. In addition, the Department and the guardian *ad litem* filed a motion for extension of time to file their brief. Since their brief was filed on September 3, 2013, we find that their motion is moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969))).

failed to attend visitation, failed to participate in therapy with the child, and showed an inability to connect with and parent the child.

The JDR court granted the petition for the relief of custody and approved a permanency planning order with a goal of permanent foster care. It also approved the annual foster care review order. Mother appealed all three orders to the circuit court.

After hearing the evidence and argument, the circuit court denied mother's motions to strike and affirmed the JDR court orders granting the petition for the relief of custody and approving the goal of permanent foster care. This appeal followed.

ANALYSIS

*Rule 5A:8*

The trial court entered the final order on March 29, 2013. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." Rule 5A:8(a); see LaCava v. Commonwealth, 283 Va. 465, 468, 722 S.E.2d 838, 839 (2012) (explaining that "Rule 5A:8(a) provides a period of 60 days after entry of final judgment within which to file transcripts"). Pursuant to Rule 5A:8(a), the transcript in this case had to be filed within 60 days after entry of the final judgment – i.e., by Tuesday, May 28, 2013. Mother filed the transcript on Wednesday, May 29, 2013 – after the deadline for filing the transcript had passed. Furthermore, mother did not file any motion in this Court under Rule 5A:8(a) requesting an extension of time for filing the trial transcript. "This Court has no authority to make exceptions to the filing requirements set out in the Rules." Bay v. Commonwealth, 60 Va. App. 520, 529, 729 S.E.2d 768, 772 (2012) (internal quotation marks and citation omitted). Therefore, the record does not contain a timely filed transcript or written statement of facts. See Rule 5A:8(a) and (c).

We have reviewed the record and the parties' briefs. We conclude that a transcript or written statement of facts is absolutely indispensable to a determination of the issues on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

Therefore, because we do not have an adequate record to decide the assignments of error before us, we must summarily affirm the trial court since we cannot decide the issues appellant puts before us without her also providing this Court with an adequate record on appeal. In addition, appellant also fails to follow various other Rules of Court in this appeal:

*Rules 5A:18 & 5A:20(c)*

As required by Rule 5A:20(c), mother included the following statement to explain where her assignments of error were preserved: "All assignments of error were referenced in the Final Order when signed under objection as stated in the record, coupled with the closing arguments of counsel for the Appellant."

Mother's only objection on the final order was "seen and objected to as stated in the record." A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). In a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. Mother did not file any post-trial motions. Since the transcript was not timely filed, we cannot consider mother's arguments made at trial. Therefore, mother failed to preserve her arguments for appeal. See Rule 5A:18.

*Rule 5A:20(e)*

Mother's opening brief did not include the standard of review with respect to her assignments of error, nor did it include any legal authority to fully support her arguments. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Mother did not comply with Rule 5A:20(e) because her opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop her arguments.[2]

Mother has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that mother's failure to comply with Rule 5A:20(e) is significant. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

*Rule 5A:25*

Mother failed to provide us with an adequate appendix to enable us to address her assignments of error. Mother's appendix included two documents, namely the final order and a portion of the late transcript. The Department designated additional documents to be included in the appendix, but the appendix does not contain them. The appendix is insufficient - - it does not contain any pleadings, a timely filed transcript or written statement of facts, any exhibits, the foster care plans, or court orders, except for the final order.

---

[2] Although mother mentions Code § 20-124.3 in her opening brief, she fails to develop her arguments.

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Mother had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

## CONCLUSION

Due to appellant's failure to comply with this Court's procedural rules and her failure to provide an adequate record to enable this Court to decide this case on appeal, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.