UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Beales and Senior Judge Clements

KRISTIN L. BURNS

v.      Record No. 0222-14-4

KENNETH W. SULLIVAN

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 9, 2014

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles E. Poston, Judge Designate

(Kristin L. Burns, *pro se,* on brief).

No brief for appellee.

Kristin L. Burns appeals a custody and visitation order in which the trial court "confirmed"

that legal and physical custody of the minor children will continue with Kenneth W. Sullivan and

denied visitation to Burns.  Burns includes fifteen assignments of error relating to the underlying

proceeding in her amended opening brief.  Upon reviewing the record and amended opening brief,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

BACKGROUND

Burns and Sullivan have two minor children.  In 2011, Burns initiated a divorce action

against Sullivan, and according to the trial court, the litigation "has continued unabated ever

since."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In this appeal, Burns sought enforcement of the trial court's previous spousal support order and modification of custody and visitation. Sullivan also asked the trial court to modify spousal support and visitation.

On December 17, 2013, the trial court heard evidence and argument and issued an oral opinion. On January 3, 2014, the trial court entered a memorandum order. After reviewing the factors in Code § 20-124.3, the trial court held that Sullivan would continue to have legal and physical custody of the minor children. It also denied visitation to mother and ordered that she be "evaluated for her mental health status and for parental fitness by a licensed clinical psychologist or psychiatrist approved by the Court . . . ." The trial court indicated that after such evaluation, Burns may petition the court for visitation. Furthermore, the trial court held that there were no material circumstances warranting a change in spousal support and found that Sullivan was in arrears for spousal support in the amount of $4,449 as of December 17, 2013.

At the conclusion of the December 17, 2013 hearing, Burns was served with an order to show cause "why she should not be prohibited from filing further pleadings in any Court in the Commonwealth of Virginia unless she is represented by counsel or has received permission to file from a judge of the court in which she seeks to file a pleading." The show cause hearing was scheduled for February 10, 2014.

Burns subsequently filed a "Petition to Set Aside Order to Show Cause and Ruling from December 17, 2013, Hearing; and for Injunctive Remedy Pending Equitable Rehearing or Equitable Review of Case 2011-06251 and Related Cases" ("petition to set aside"). On January 13, 2014, the trial court denied Burns' petition to set aside.

This appeal followed.

## ANALYSIS

"We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the

burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

Here, a transcript or a written statement of facts complying with Rule 5A:8 is indispensable to a review of Burns' assignments of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). The record does not contain any transcripts filed in accordance with the Rules of Court with the circuit court clerk's office. Pursuant to Rule 5A:8(a), a "transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." Burns attached a copy of a transcript from the December 12, 2013 hearing and a partial transcript of the December 17, 2013 hearing to her petition to set aside. The December 17, 2013 transcript was redacted. Neither transcript was filed in accordance with the Rules of Court with the clerk's office, so they are not considered part of the record.

In addition, Burns failed to provide this Court with an appendix when she filed her opening brief. On April 3, 2014, the Court entered a show cause order asking Burns why the appeal should not be dismissed for her failure to file an appendix as required by Rule 5A:25. The Court also noted Burns' failure to comply with Rules 5A:4 and 5A:20 in her opening brief, but allowed her to file an amended opening brief. Burns was admonished not to alter her opening brief, other than to bring it into compliance with the Rules of Court.

On April 21, 2014, Burns filed an amended opening brief and appendix. The appendix is approximately forty pages long and contains a list of various documents. The appendix does not include any pleadings, the judgment appealed from, other orders entered in the case, exhibits, or transcripts. Accordingly, Burns failed to provide us with an adequate appendix to enable us to address her assignments of error.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Burns asks this Court to consider her appeal based on the ends of justice "not being served." However, she had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Furthermore, Burns failed to comply with Rule 5A:20. She failed to include a table of contents and table of authorities as required by Rule 5A:20(a). The opening brief does not include a "clear and concise statement of the facts that relate to the assignments of error" pursuant to Rule 5A:20(d). Burns failed to include the standard of review relating to each

assignment of error as required by Rule 5A:20(e).  In addition, Burns failed to include her relief sought in her amended opening brief.  She asks the Court to "reference" her response to the request to show cause because she included additional relief requested in that document.  Rule 5A:20 requires that an appellant include the relief she requests in her opening brief, and we will not consider other documents for additional relief requested.

We find that Burns' failures to comply with the rules of this Court, as discussed above, are significant, so we will not consider her assignments of error.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.