COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner


KATHY F. HARWOOD

v.      Record No. 0414-15-2

BUCKINGHAM COUNTY
  DEPARTMENT OF SOCIAL SERVICES                    MEMORANDUM OPINION*
                                                        PER CURIAM
KATHY F. HARWOOD                                   DECEMBER 15, 2015

v.      Record No. 0852-15-2

BUCKINGHAM COUNTY
  DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
                          Kimberley S. White, Judge

              (Roger B. Stough, on brief), for appellant.

              (E. M. Wright, Jr.; Eric A. Tinnell, Guardian *ad litem* for the minor
              child, on brief), for appellee.


       Kathy F. Harwood (mother) appeals two orders regarding foster care for her child.  Mother

presents the following assignments of error:[1]

              1.  The trial court erred in approving the dispositional order that
              did not provide for reasonable accommodations for the appellant's
              disabilities in violation of the Americans with Disabilities Act.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Mother's opening brief also includes three questions presented.  Effective July 1, 2010,
Rule 5A:20(c) was revised to state that an appellant's opening brief shall contain a "statement of
the assignments of error with a clear and exact reference to the page(s) of the transcript, written
statement, record, or appendix where each assignment of error was preserved in the trial court."
Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not
consider the additional issues listed as questions presented.

2.  The trial court erred in approving the dispositional order that did not provide services designed to address the reasons that the child came into foster care.

3.  The trial court erred in approving the foster care plan with the goal of adoption without providing services to the appellant first.

4.  The trial court erred in denying the foster care plan with the goal of return home.

5.  The trial court erred in finding that the appellant was responsible for locating her own services.

6.  The trial court erred in approving the foster care plan that did not provide for reasonable accommodations for the appellant's disabilities in violation of the Americans with Disabilities Act.

Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Mother has one child who was born in September 1998. On October 10, 2013, the Department received a child protective services complaint. There was concern about the child's health because he was severely underweight, had stunted growth, and had rotten teeth. Mother was reluctant to provide information to the social worker, but did state that the child was highly allergic to many foods. Mother also indicated that she and the child have chemical sensitivities, so she limits people's access to their home and rarely goes to public places, including doctor's offices.

After investigating the child protective services complaint, the Department obtained a preliminary protective order. Mother was ordered to provide the Department with the child's medical information and have the child evaluated. Mother did not comply until the juvenile and domestic relations district court (JDR court) ordered her to take the child to the Medical College

of Virginia (MCV) to be evaluated by Dr. Foster. The JDR court also ordered that a representative from the Department was to accompany mother and the child at MCV.

On October 25, 2013, mother took the child to MCV, where he was evaluated. The child had to be admitted because he had low albumin levels and low thyroid levels. He was severely malnourished and had severe hypothyroidism. The medical staff indicated that the child's conditions were indicative of neglect by mother. Mother objected to the child being admitted at that time. She was vague and defensive in her responses to the medical staff.

In order to avoid interference from mother regarding the child's necessary treatment, the medical staff requested that the Department obtain custody of the child, which it did. On October 29, 2013, the JDR court entered an emergency removal order. After a hearing in November 2013, the JDR court entered an adjudicatory order for abuse and neglect. On February 24, 2014, the JDR court entered a dispositional order on the underlying foster care matter. Mother appealed to the circuit court.

Meanwhile, the JDR court entered an order approving a foster care review plan. Mother appealed this order to the circuit court. The appeals were consolidated.

On January 30 and 31, 2015, the circuit court heard evidence and argument. The Department presented evidence that the child weighed eighteen pounds and six ounces when he was two and one-half years old. The following year, he weighed twenty pounds and six and one-half ounces. He weighed twenty-five pounds when he was eight years old. When he was admitted to MCV in October 2013, he was fifteen years old and weighed thirty pounds.

Evidence was presented that mother submitted to a psychological examination and a parental capacity assessment, conducted by Dr. A. J. Anderson. Dr. Anderson stated that "the testing indicates depression, a degree of preoccupation with physical health and bodily functions, and impaired contact with reality, all of which are likely to interfere with effective parenting."

Dr. Anderson concluded, "It does not appear likely that any kind or amount of services is likely to improve substantially Ms. Harwood's level of functioning or her ability to parent."

Despite court orders and requirements in the Department's service plan, mother did not submit to a medical evaluation. Mother also did not participate in nutrition education training/classes which were deemed appropriate for her child's needs, nor did she submit to an attachment evaluation.

The Department also presented evidence that the child was improving in foster care. The doctors could not identify any food allergies or chemical sensitivities from which the child suffered. While living with his mother, the child ate baby food that his mother spoon-fed to him. Once in foster care, he attended therapy and learned to feed himself foods with thicker textures. He gained weight and grew several inches. He started to attend school and interact with other people.

At the conclusion of the January 31, 2015 hearing, the circuit court approved the original foster care plan, dated January 24, 2014, that was approved by the JDR dispositional order, but disapproved the subsequent foster care plan dated July 11, 2014. The circuit court explained that the January 24, 2014 foster care plan had a goal of return home, which was reasonable at the time. The July 11, 2014 foster care plan also had a goal of return home, but mother still had not complied with the Department's requirements. The circuit court found that the goal of return home was no longer reasonable, so the circuit court ordered the Department to file a new plan. The circuit court entered orders reflecting its rulings on February 10, 2015. Mother appealed the dispositional order to this Court.

On March 25 and April 29, 2015, the circuit court heard additional evidence regarding the new foster care review plan submitted by the Department. The foster care review plan had a

goal of adoption. The circuit court approved the new plan and entered an order on May 28, 2015. Mother appealed the approval of the foster care plan to this Court.

ANALYSIS

*I. February 10, 2015 order*

*A. Assignment of error #1*

Mother argues that the "trial court erred in approving the dispositional order that did not provide for reasonable accommodations for [her] disabilities in violation of the Americans with Disabilities Act." Mother contends that under the Americans with Disabilities Act (ADA), she is an individual with a disability, and the Department was required to make reasonable accommodations to her.

Mother's objection to the February 10, 2015 order simply stated, "Finding that the petitioners offered services to the respondent in such a manner to accommodate her various disabilities." At trial, she did not argue that the ADA applied and was violated, nor did she specify what accommodations should have been granted that were not made for her.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).

Since mother is raising new arguments on appeal for the first time, this Court will not consider the first assignment of error.

*B. Assignment of error #2*

Mother argues that the "trial court erred in approving the dispositional order that did not provide services designed to address the reasons that the child came into foster care."

Specifically, she contends the Department did not offer her any services to address the child's dental issues.

Mother did not note this objection on the trial court's February 10, 2015 order; therefore, this Court will not consider it. See Rule 5A:18; Ohree, 26 Va. App. at 308, 494 S.E.2d at 488.

### C. Assignment of error #4

Mother argues that the trial court erred in denying the July 11, 2014 foster care plan with the goal of return home. She does not address this assignment of error in her opening brief; therefore, it is waived and will not be considered. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) ("Failure to adequately brief an assignment of error is considered a waiver." (citation omitted)).

### II. May 28, 2015 order – Assignments of error # 3, 5, and 6

Mother argues that the trial court erred in approving the foster care plan with the goal of adoption.

> We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

The May 28, 2015 order states that the trial court's decision is based on the hearings of March 25 and April 29, 2015, as well as the transcripts for the hearings on January 30 and 31,

2015. The record on appeal does not contain a transcript or a timely filed written statement of facts from the March 25, 2015 hearing. See Rule 5A:8(a) and (c).

We have reviewed the record and the opening brief. We conclude that a transcript or written statement of facts for the March 25, 2015 hearing is indispensable to a determination of the third, fifth, and sixth assignments of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

In addition, the appendix does not include a copy of the foster care plan that the trial court approved and which is the subject of this appeal.

> The appendix must include "any testimony and other incidents of the case germane to the questions presented," Rule 5A:25(c)(3), and "exhibits necessary for an understanding of the case that can reasonably be reproduced," Rule 5A:25(c)(6). "The appendix is a tool vital to the function of the appellate process in Virginia. . . . By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice." Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam). Thus, the filing of an appendix that complies with the Rules, is "essential to an informed collegiate decision." Id.

Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

Mother had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Mother failed to provide us with an adequate appendix to enable us to address the third, fifth, and sixth assignments of error. Because the appendix filed in this case does not contain a

part of the record that is essential to the resolution of the issues before us, we affirm the judgment of the trial court.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>